PENN CENTRAL TRANSPORTATION COMPANY, Formerly the Pennsylvania Railroad Company, a Pennsylvania corporation, Plaintiff Below, Appellant,

v.

SKLUT HIDE & FUR COMPANY, a Delaware corporation, Defendant Below, Appellee.

Supreme Court of Delaware.

June 11, 1971.

Robert K. Payson, of Potter, Anderson & Corroon, Wilmington, for plaintiff below, appellant.

Arthur G. Connolly, Jr., of Connolly, Bove & Lodge, Wilmington, for defendant below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

In this action for demurrage charges, the determinative issue is the reasonableness of the tariff provisions involved.[1] It is agreed, as was held by the Superior Court, that the Interstate Commerce Commission has exclusive jurisdiction to determine the reasonableness of such tariff provisions. The defendant consignee contends that the notice provision of the tariff is unreasonable, in the circumstances of this case, unless it is interpreted to mean that the 48 hour free time period commences when the consignee *receives* the notice of arrival. The plaintiff railroad, on the other hand, contends that the free time period commences when the railroad *sends* the notice of arrival; and that such interpretation was held reasonable by the Interstate Commerce Commission in Murphy v. N. Y.

---

1. Freight Tariff 4–G, Rule 3, Section C.1 provides in pertinent part:

"On cars held for unloading * * * time will be computed from the first 7:00 A.M. after placement on public delivery tracks, and after notice of arrival is sent or given to the consignee or party entitled to receive same."

Freight Tariff 4–H, Rule 2, Section A.1 provides in pertinent part:

"Except as otherwise provided in paragraph 3 [not applicable to this litigation] of this section, forty-eight hours' (two days) free time will be allowed to partly or completely load, to partly or completely unload, or to partly unload and partly reload, all commodities."

Central & Hudson River R. R. Co., 17 I.C.C. 457 (1910). The plaintiff also cites American Lumber & Export Co. v. Louisville & Nashville R. R. Co., 78 I.C.C. 48 (1923) and Eastern Lumber Co. v. N. Y. Central R. R. Co., 57 I.C.C. 272 (1920).

We are not convinced that the reasonableness of the tariffs here involved, viewed in the light of the circumstances of this case, has been decided by the Interstate Commerce Commission. The decisions cited are about half a century old. They do not reflect, generally, present conditions and problems of communications and transportation; and they do not reflect, specifically, the factual conditions and problems that confronted the parties in the case before us.[2]

We hold, therefore, that the reasonableness of the tariffs here involved, viewed in the light of the circumstances of this case, must be submitted by the Railroad to the Commission for decision before the courts of this State may proceed further in this cause.

In the meanwhile, the proceedings in the Superior Court should be stayed pending the outcome of prompt application to the Commission for a ruling on the reasonableness of the tariffs. It was error, we think, for the Superior Court to dismiss the case for want of jurisdiction. The cause should remaining pending in the Superior Court for a reasonable length of time so that the plaintiff may not be unfairly prejudiced in the prosecution of its claim, by expiration of the limitations period or otherwise, if it prevails on the issue to be presented to the Commission.

Accordingly, the judgment below is affirmed with directions to modify its order to vacate the dismissal and to substitute a stay consistent herewith.

2. For example, in the *Murphy* case, upon which principal reliance is placed by the Railroad, the consignee's warehouse was

located directly across the street from the Railroad's freight yard.